Jim Guse, OSB No. 992730
E-mail: jguse@barkermartin.com
BARKER MARTIN, P.S.
1500 SW First Ave., Suite 980
Portland, OR 97201
Telephone: (503) 796-9806
Fax: (503) 796-9807
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SURFSAND RESORT, LLC, an Oregon limited liability company<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, an Ohio company and HARLEYSVILLE INSURANCE COMPANY, a Pennsylvania company,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Breach of Contract and Negligence *Per Se***<br><br>**Demand for Jury Trial** |

COMES NOW the plaintiff herein, SURFSAND RESORT, LLC ("Plaintiff"), by and through his undersigned attorneys of record, Barker Martin, P.S., and for the causes of action against the Defendants named herein hereby alleges and asserts as follows:

1

## I.  PARTIES

1. Plaintiff is an Oregon limited liability company. Plaintiff's business consists of the operation of a hotel in Cannon Beach, Oregon.

2. Upon information and belief, Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") was at all material times hereto a corporation operating out of Columbus, OH, and authorized to issue insurance policies in the State of Oregon.

3. Upon information and belief, Defendant Harleysville Insurance Company ("Harleysville") was at all material times hereto a corporation operating out of Harleysville, PA, and authorized to issue insurance policies in the State of Oregon.

## II.  JURISDICTION AND VENUE

4. The jurisdiction of this Court is established pursuant to 28 U.S.C. § 1331 and/or pursuant to 28 U.S.C. §1332.

5. Venue is proper as the acts and omissions giving rise to this cause of action occurred in this judicial district.

## III.  CAUSES OF ACTION

**(Breach of Contract)**

6. Plaintiff owns and operates a resort/hotel in Cannon Beach, Oregon.

7. On or about noon on December 11, 2015, the tidal waters of the Pacific Ocean overflowed, damaging the bottom level of hotel rooms at the Surfsand Resort.

8. The property damage arising from the tidal waters consisted of both damage to the structure and to the contents of the Surfsand Resort.

9. In consideration for payment of an annual premium, Defendants executed and delivered to Plaintiff an insurance policy bearing the policy number 99050467842015 (the "Policy"). The Policy provides coverage for property damage suffered at the Surfsand Resort. Among other coverages, Defendant agreed to cover direct physical loss by or from flood.

10. Plaintiff has complied with and satisfied all conditions precedent in the Policy (if

any), except any that were excused, waived, or that do not need to be performed because Defendants will not be prejudiced by non-performance.

11. Defendants breached their contract with Plaintiff by refusing to pay for the entirety of Plaintiff's covered loss. Specifically, Defendants have denied coverage for the lower level of hotel rooms at the Surfsand because it was deemed a "basement" under its view of policy language and regulations of the Federal Emergency Management Agency (FEMA).

12. Plaintiff has suffered damages in the amount of $396,234.92, which represents the amount of the covered loss denied by Defendants.

13. Plaintiff is entitled to prejudgment interest on all amounts owed by Defendants.

14. Defendants' breach of contract has forced Plaintiff to commence these proceedings and incur attorney fees in order to obtain the full benefit of the Policy. Plaintiff is entitled to its attorney fees pursuant to ORS 742.061.

**(Negligence Per Se)**

15. Plaintiff realleges paragraphs 1-14 above.

16. Defendants denied the portion of Plaintiff's claim as described more fully above. On or about July 14, 2016, Plaintiff filed a timely appeal to FEMA as instructed in Defendants' denial letter.

17. Plaintiff received no acknowledgment of the appeal. Plaintiff, through counsel, made numerous phone calls and left numerous voice messages in an effort to speak with someone regarding the status of the appeal. No phone calls were returned nor was any communication provided to Plaintiff.

18. On or about November 7, 2016, Plaintiff finally received a response to its timely appeal. The letter indicated that Nationwide would be retaining an engineer to conduct an additional investigation at the property. The letter also indicated that Plaintiff would receive a complete color copy of the report when completed.

19. Plaintiff made the property available on November 14th for inspection.

20. On December 14, 2016, Plaintiff contacted the engineer inquiring when the report would be completed. The engineer indicated that the report would be completed "within the next week or so."

21. On January 13, 2017, Plaintiff again contacted the engineer as no report had been received and no further communication had been provided. The engineer indicated that report was previously completed and provided to the insurer. Plaintiff indicated that the coverage letter indicated that Plaintiff would received a complete copy of the report. The engineer indicated that he is only allowed to disclose the report to the carrier.

22. Plaintiff again made several phone calls trying to get an update on the status of the claim and a copy of the promised report. All calls and messages went unanswered.

23. Due to the continued lack of response, Plaintiff emailed a letter to the carrier on March 21, 2017.

24. Plaintiff finally received a copy of the engineer's report (dated December 29, 2016) on March 23, 2017. A formal denial letter was received by Plaintiff on March 27, 2017.

25. On or about April 5, 2017, Plaintiff responded to the denial letter by pointing out applicable case law and contesting the denial.

26. No response was provided to the April 5, 2017 letter, so Plaintiff made several phone calls inquiring about the status. Plaintiff was informed that it would be hearing from the "legal department." No contact was made, so Plaintiff sent another letter on May 23, 2017.

27. Despite notice of the suit deadline and assurances that a final answer would be received prior to then, no response was provided, prompting this lawsuit.

28. Defendants were subject to a specific duty owed to Plaintiff created by Oregon's Unfair Claims Settlement Practices Act, ORS 746.230 and allowed under applicable FEMA regulations. Defendants breached the applicable standard of care in the following non-exhaustive list of particulars:

(1) Failing to acknowledge and act promptly upon communications relating to claims;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of claims;

(3) Refusing to pay claims without conducting a reasonable investigation based on all available information;

(4) Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear;

(5) By failing to make appropriate replies within 30 days after pertinent communications about a claim from a claimant that reasonably indicates a response is expected;

(6) By failing to promptly provide relevant claim information, including but not limited, to the engineer's report.

29. As a result of Defendants' conduct, Plaintiff has been injured. Plaintiff is an Oregon insured and is a member of the class of persons meant to be protected by ORS 746.230. Plaintiff's injuries are of a type that the statute was meant to protect.

///

///

///

///

///

///

///

///

///

///

///

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.   Damages in the amount of $396,234.92;

B.   Prejudgment interest;

C.   Attorney fees;

D.   And any other relief the court deems just and/or equitable.

DATED: June 2, 2017.

BARKER MARTIN, P.S.

*/s/ Jim Guse*

**Jim Guse, OSB No. 992730**
jguse@barkermartin.com
BARKER MARTIN, P.S.
1500 SW First Ave., Suite 980
Portland, OR 97201
Telephone: (503) 796-9806
Fax: (503) 796-9807
Attorneys for Plaintiff
