# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SURFSAND RESORT, LLC, an Oregon limited liability company, | 3:17-cv-00866-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, an Ohio company, and HARLEYSVILLE INSURANCE COMPANY, a Pennsylvania company, | |
| Defendants. | |

**JAMES LEE GUSE**
Barker Martin
1500 S.W. First Avenue
Suite 980
Portland, OR 97201
(503) 796-9806

        Attorneys for Plaintiff

**DIANE L. POLSCER**
**BRIAN C. HICKMAN**
Gordon & Polscer, LLC
9755 S.W. Barnes Road
Suite 650
Portland, OR 97225
(503) 242-2922

**KAYLEIGH T. KEILTY**
**PATRICIA M. LAMBERT**
Pessin Katz Law, P.A.
901 Dulaney Valley Road
Suite 500
Towson, MD 21204
(410) 339-6772

        Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#18) to Dismiss Count II of Plaintiff's Complaint and Motion (#17) to Strike Jury Demand.  For the reasons that follow, the Court **GRANTS** Defendants' Motions.


## BACKGROUND

The following facts are taken from Plaintiffs' Complaint and the parties' filings related to Defendants' Motion to Dismiss and Motion to Strike.

On September 14, 2015, Defendants Nationwide Mutual Fire Insurance Company and Harleysville Insurance Company issued to Plaintiff Surfsand Resort, LLC, a Standard Flood Insurance Policy (SFIP) pursuant to the National Flood Insurance Act (NFIA), 42 U.S.C. § 4001(a).  The policy period was from September 14, 2015, through September 14, 2016.  The policy provides in relevant part that it and "all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance

2 - OPINION AND ORDER

regulations issued by Federal Emergency Management Agency (FEMA),
the National Flood Insurance Act of 1968 . . . and federal common
law." Decl. of Kayleigh Toth Keilty, Ex. B at 24.

On December 11, 2015, the tidal waters of the Pacific Ocean
overflowed and allegedly damaged the bottom level of hotel rooms
at the Surfsand Resort in Cannon Beach, Oregon, which is owned by
Plaintiff.

On June 3, 2016, Nationwide issued a coverage determination
letter in which it denied coverage on the ground that there were
not any visible signs of covered flood damage. Plaintiff
appealed Nationwide's denial of coverage to FEMA as required by
the terms of the SFIP. "A formal denial letter [of Plaintiff's
appeal] was received by Plaintiff on March 27, 2017." Compl. at
¶ 24.

On June 2, 2017, Plaintiff filed an action in this Court
against Defendants asserting claims for breach of insurance
contract and negligence *per se.* Plaintiff seeks damages,
attorneys' fees, and a jury trial.

On August 21, 2017, Defendants filed a Motion to Dismiss
Count II of Plaintiff's Complaint and a Motion to Strike Jury
Demand. The Court took the Motions under advisement on
September 21, 2017.

### DEFENDANTS' MOTION (#18) TO DISMISS COUNT II
### OF PLAINTIFF'S COMPLAINT

3 - OPINION AND ORDER

Defendant moves to dismiss Plaintiff's claim for negligence

*per se* and Plaintiff's demand for attorneys' fees on the ground

that they are preempted by the NFIA and/or the National Flood

Insurance Program (NFIP), C.F.R. Title 44, Chapter I, Subchapter

B, Part 59, *et seq*.

## I.    Standards

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face."  [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955
> [(2007)].  A claim has facial plausibility when
> the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that
> the defendant is liable for the misconduct
> alleged.  *Id.* at 556. . . .  The plausibility
> standard is not akin to a "probability
> requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.
> *Ibid*.  Where a complaint pleads facts that are
> "merely consistent with" a defendant's liability,
> it "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"  *Id*.
> at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell

Atlantic*, 550 U.S. at 555-56.  The court must accept as true the

allegations in the complaint and construe them in favor of the

plaintiff.  *Novak v. U.S.*, 795 F.3d 1012, 1017 (9th Cir. 2015).

"In ruling on a 12(b)(6) motion, a court may generally

consider only allegations contained in the pleadings, exhibits

attached to the complaint, and matters properly subject to

judicial notice."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

2012)(citation omitted).  A court, however, "may consider a

writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

## II.  National Flood Insurance Program

Congress enacted the NFIA in 1968 in response to the fact that flood disasters were creating personal hardships and economic distress that was "increasing [the] burden on the Nation's resources," and the exposure to flood losses was "growing."  42 U.S.C. § 4001(a).  The NFIA created the NFIP under the administration of FEMA to "mak[e] flood insurance coverage available on reasonable terms and conditions."  *Id.*  *See also* 42 U.S.C. § 4011.  Flood insurance under the NFIP is sold to qualified applicants either directly by FEMA or by private insurance companies known as "write-your-own" (WYO) companies. 44 C.F.R. § 62.23.  WYO companies enter into a standardized agreement with FEMA that authorizes the WYO company to issue flood insurance in its own name and assigns the WYO company the responsibility for "the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program."  44 C.F.R. § 62.23(d).  Nevertheless, the ultimate responsibility for paying all claims remains with FEMA.  *See* 42 U.S.C. § 4017(a).

The NFIA regulations specify the required terms and

conditions of policies written under the NFIP.  Specifically, the

SFIP must advise the insured that FEMA is providing insurance

"under the terms of the National Flood Insurance Act of 1968 and

its Amendments, and Title 44 of the Code of Federal Regulations."

44 C.F.R. pt. 61, app. A(1), art. I.  The SFIP also must set out

the scope of coverage, the exclusions, the deductions, and the

general conditions applicable to coverage, adjustment, and

payment.  The SFIP must also provide:

> This policy and all disputes arising from the
> handling of any claim under the policy are
> governed exclusively by the flood insurance
> regulations issued by FEMA, the National Flood
> Insurance Act of 1968, as amended (42 U.S.C.
> § 4001, et seq.), and Federal common law.[1]

44 C.F.R. pt. 61, app. A(1), art. IX.  In addition, the SFIP also

must include the following conditions and limitations for filing

actions for claims under SFIPs and for disputes arising out of

the handling of any claim under an SFIP:

> You may not sue us to recover money under this
> policy unless you have complied with all the
> requirements of the policy.  If you do sue, you
> must start the suit within one year after the date
> of the written denial of all or part of the claim,
> and you must file the suit in the United States
> District Court of the district in which the
> covered property was located at the time of loss.
> This requirement applies to any claim that you may
> have under this policy and to any dispute that you
> may have arising out of the handling of any claim
> under the policy.

---

[1] The SFIP at issue included all of the required language
identified above.

44 C.F.R. pt. 61, app. A(1), art. VII(R).  *See also* 42 U.S.C.
§ 4072; 44 C.F.R. § 62.22.

"In short, [SFIPs], claims under [SFIPs], and disputes
relating to the handling of claims under [SFIPs] are highly
regulated and subject exclusively to federal law."  *Woodson v.*
*Allstate Ins. Co.*, 855 F.3d 628 622-23 (4th Cir. 2017).

**III. Analysis**

As noted, Defendants move to dismiss Plaintiff's claim for
negligence *per se* and Plaintiff's demand for attorneys' fees on
the ground that they are preempted by the NFIA and/or the NFIP.
C.F.R. Title 44, Chapter I, Subchapter B, Part 59, *et seq.*

> **A.  Plaintiff's claim for negligence *per se* is preempted by**
> **the NFIA and/or the NFIP.**

Although the Ninth Circuit has not decided in a
published opinion whether state-law claims against WYO providers
related to SFIPs are preempted by federal law, "every [other]
circuit court to have considered this issue has concluded . . .
state-law claims against [WYO] insurance providers are preempted
by federal law."  *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 637
(4th Cir. 2017)(citing *Remund v. State Farm Fire & Cas. Co.*, 483
F. App'x 403, 408–11 (10th Cir. 2012); *Shuford v. Fidelity Nat'l*
*Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1344 (11th Cir. 2007);
*Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389–90 (5th Cir.
2005); *C.E.R. 1988, Inc. v. Aetna Cas. and Surety Co.*, 386 F.3d

263, 268–72 (3d Cir. 2004); *Gibson v. Am. Bankers Ins. Co.*, 289

F.3d 943, 948–50 (6th Cir. 2002)). *See also Gunter v. Farmers*

*Ins. Co.*, Inc., 736 F.3d 768, 772 (8th Cir. 2013)(concluding the

plaintiff's state-law claims were preempted by NFIA/NFIP).

Courts that have addressed the question and concluded

state-law claims are preempted have noted FEMA amended the NFIA

in 2000 to include the provision for exclusive federal

jurisdiction:

> This policy and *all disputes arising from the*
> *handling of any claim under the policy* are
> governed exclusively by the flood insurance
> regulations issued by FEMA, the National Flood
> Insurance Act of 1968, as amended (42 U.S.C. 4001,
> et seq.), and Federal common law.

44 C.F.R. pt. 61, app. A(1), art. IX (emphasis added). When FEMA

proposed the 2000 amendment to the SFIP, it issued a statement of

intent that courts have concluded bolsters the conclusion that

state-law claims are preempted by the NFIA/NFIP:

> [SFIPs] are sold by a number of private [WYO]
> insurance companies and directly to the public by
> the Federal Insurance Administration. Because the
> [NFIP] is national in scope and accomplishes a
> number of programmatic missions in addition to
> making affordable flood insurance generally
> available to the public, the SFIP provides that
> its terms cannot be altered, varied or waived
> except by the written authority of the Federal
> Insurance Administrator. The Administrator
> intends that the same benefits should be available
> to insureds wherever the insured property is
> located, or whether the policy is purchased from a
> WYO insurance company or from the Federal
> Government. Thus, there is a need for uniformity
> in the interpretation of and standards applicable
> to the policies and their administration.

> Therefore, we have clarified the policy language
> pertaining to jurisdiction, venue and applicable
> law to emphasize that matters pertaining to the
> [SFIP], including issues relating to and arising
> out of claims handling, *must be heard in Federal
> court and are governed exclusively by Federal law*.

65 Fed.Reg. 34,824, 34,826-27 (May 31, 2000)(emphasis added).

Thus, "[i]n the light of the plain language of the 2000 amendment

and the statement of intent [state-law claims are] expressly

preempted by federal law because [they] arise from the handling

of a claim under a [SFIP]."  *Shuford*, 508 F.3d at 1344.  *See also*

*Gunter*, 736 F.3d at 772 ("We agree with the Eleventh Circuit that

the plain language of this provision as well as FEMA's stated

purpose in amending it, reflects a clear intent to preempt claims

under state law.").

        In *Flick v. Liberty Mutual Fire Insurance Company* the

parties stipulated the plaintiff's state-law bad-faith claim

related to her SFIP was preempted by federal law.  205 F.3d 386,

389 (9th Cir. 2000).  In deciding other issues in the case,

however, the Ninth Circuit noted because

> the flood insurance program is a child of
> Congress, conceived to achieve policies which are
> national in scope, and [because] the federal
> government participates extensively in the program
> both in a supervisory capacity and financially, it
> is clear that the interest in uniformity of
> decision present in this case mandates the
> application of federal law.

*Id*. at 390.  The court explained "the Appropriations Clause

prohibits the judiciary from granting any money claim against the

federal government that is not authorized by statute," and "[i]t is an axiomatic principle of constitutional law that the judiciary's power is limited by a valid reservation of congressional control over public funds." *Id*. at 391. The Ninth Circuit noted "[b]ecause flood losses, whether insured by FEMA or by a participating WYO insurer, are paid out of the National Flood Insurance Fund, a claimant under a standard flood insurance policy must comply strictly with the terms and conditions that Congress has established for payment. That is the simple, but powerful command of the Appropriations Clause." *Id*. at 394. Finally, the Ninth Circuit explained the "success of the NFIP, so far, has depended on the ability of the federal government and participating insurers to offer flood insurance at below actuarial rates," and "[i]n adhering to a rule of strict compliance, we . . . avoid disturbing the delicate balance, which FEMA has sought to strike, between the need to pay claims and the need to ensure the long term sustainability of the NFIP" as well as "inconsistent results that would occur were we to treat [SFIPs] differently depending on whether they are written by WYO insurers or FEMA." *Id*. at 396. Thus, although the Ninth Circuit did not address whether state-law claims are preempted under the NFIP/NFIA, the court stressed the importance of strict compliance with the terms of the NFIA and of consistent results for all who are insured with SFIPs.

In its Response to Defendants' Motion to Dismiss Plaintiff cites a number of cases to support its assertion that its state-law claim for negligence *per se* is not preempted by NFIP/NFIA. Those cases, however, were all decided before FEMA's 2000 amendment to the NFIA that made clear all disputes arising from the handling of any claims under SFIPs are "governed exclusively by the flood insurance regulations [and] the [NFIA]." The cases on which Plaintiff relies, therefore, are inapplicable.

This Court adopts the analysis and reasoning of *Woodson, Shuford, Wright, C.E.R., Gibson*, and *Gunter*. Accordingly, the Court concludes Plaintiff's claim for negligence *per se* is preempted by the NFIA/NFIP.

**B. Federal Common-Law Bad-Faith Claim.**

In its Response to Defendants' Motion to Dismiss Plaintiff states although Defendants "argue that [Plaintiff's negligence *per se*] claim must be dismissed because of federal preemption[, n]owhere do [Defendants] argue or provide authority suggesting that a federal claim is not available." Resp. at 8. As Defendants point out, however, Plaintiff did not plead a federal common-law bad-faith claim in its Complaint. Defendants, therefore, did not have the opportunity to address that issue.

In any event, it is questionable whether a federal common-law bad-faith claim is permitted under NFIA/NFIP. Courts that have addressed the issue rejected such claims. For example,

11 - OPINION AND ORDER

in *Gunter* the Eighth Circuit affirmed the district court's

dismissal of the plaintiff's "extracontractual claim brought

under federal common law" on the ground that the claim "was

essentially a re-labeled state-law claim and thus also preempted

by federal law."  736 F.3d at 772 (quotation omitted).

Similarly, in *Wright v. Allstate Insurance Company* the Fifth

Circuit held the term "federal common law" as used in the SFIP

does not give policyholders, either expressly or implicitly, "the

right to assert extra-contractual claims against WYO insurers –

which claims, if successful, would likely be paid with government

funds" because that would allow the court to fashion remedies

there were beyond the remedies Congress provided in the NFIP.

500 F.3d 390, 394 (5th Cir. 2007).  The Fifth Circuit held the

NFIP specifically allows policyholders to bring actions against

WYO insurers for breach of contract (42 U.S.C. §§ 4053, 4072),

but it does not permit extracontractual claims such as negligence

or actions for a declaratory judgment.  *Id*.  The "lone reference

to federal common law instructs courts to consider standard

principles of interpreting insurance contracts when resolving

questions regarding the policy's coverage; it is not an

invitation to courts to fashion additional remedies or causes of

action."  *Id*. at 397.

　　　　To the extent that Plaintiff would seek to amend its

Complaint to allege a federal common-law bad-faith claim, the

Court adopts the reasoning and analysis of *Gunter* and *Wright* and concludes such an amendment would be futile. Accordingly, to the extent that Plaintiff would seek to amend its Complaint to add a federal common-law bad-faith claim, the Court denies that request on the ground that any such claim would be "essentially a re-labeled state-law claim and thus also preempted by federal law," and, therefore, would be futile.

C. **Plaintiff's demand for attorneys' fees is preempted by the NFIA and/or the NFIP.**

In its Complaint Plaintiff also seeks attorneys' fees pursuant to Oregon Revised Statutes § 742.061. As noted, Defendant moves to dismiss Plaintiff's request for attorneys' fees on the ground that they are not provided for in the SFIP and/or they are preempted by the NFIP/NFIA.

The SFIP at issue provides in pertinent part: "We only provide coverage for direct physical loss by or from flood, which means that we do not pay you for: . . . [a]ny other economic loss you suffer." Keilty Decl., Ex. B at 14. Plaintiff does not appear to dispute that the SFIP does not specifically provide for attorneys' fees under its terms. Instead Plaintiff seeks fees pursuant to Oregon Revised Statutes § 742.061(1), which provides in relevant part: "[I]f . . . an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be

13 - OPINION AND ORDER

fixed by the court as attorney fees shall be taxed as part of the costs of the action."

Although the Ninth Circuit has not addressed the issue of an insured's entitlement to attorneys' fees for litigating a claim under an SFIP via a provision of state law, at least one district court in the Ninth Circuit has addressed the issue and refused to apply state-law authority for recovery of attorneys' fees. *See, e.g., Cook v. USAA Gen. Indem. Co.*, C-07-4042 SC, 2008 WL 5265103, at *5-6 (N.D. Cal. Dec. 16, 2008)("Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is preempted, and . . . the attorneys' fees Plaintiffs seek are . . . legally unavailable."); *Bianchi v. State Farm Fire and Cas. Co.*, 120 F. Supp. 2d 837, 842 (N.D. Cal. 2000)(granting the defendants' motion to strike the plaintiffs' request for attorneys' fees for breach of a SFIP). Other courts have reached the same conclusion. *See, e.g., Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 513, 523 (D. N.J. 2000)("Plaintiffs' claims against defendant in this case are nothing more than a disagreement with defendant's decision to pay less on the claim than plaintiffs believe is warranted. Plaintiffs may still pursue that claim through their breach of contract action based on the SFIP itself. However, plaintiffs are not entitled to receive . . . attorney's fees . . . because federal law does not provide for those remedies in this type of case."); *Evanoff v.*

*The Standard Fire Ins. Co.*, 1:07-CV-00631, 2007 WL 1577744, at \*2
(N.D. Ohio May 29, 2007)("[T]he NFIA preempts Count II of
Plaintiff's Complaint and the demands for punitive damages and
attorneys' fees."); *Cole v. New Hampshire Ins.*, 1:10CV183–SA–DAS,
2012 WL 39515, at \*14 (N.D. Miss. Jan. 9, 2012)(granting the
defendant's motion for summary judgment as to the plaintiff's
extra-contractual claims, including a request for attorneys'
fees, on the ground that the claims are preempted by the
FNIA/FNIP); *McDowell v. USAA Gen. Indemn. Co.*, 14-4529 (JBS/AMD),
2016 WL 4249487, at \*4 (D. N.J. Aug. 9, 2016)(granting the
defendant's motion to strike the plaintiff's request for
attorney's fees pursuant to state law on the ground that the
request was preempted by federal law).

This Court adopts the analysis and reasoning of
*Bianchi*, *Messa, Evanoff*, *Cole,* and *McDowell*.  Accordingly, the
Court concludes Plaintiff's request for attorneys' fees pursuant
to Oregon Revised Statutes § 742.061 is preempted by the
NFIP/NFIA.

In summary, the Court grants Defendants' Motion to Dismiss
Plaintiff's negligence *per se* claim and grants Defendants' Motion
to Dismiss Plaintiff's request for attorneys' fees.

## **DEFENDANTS' MOTION (#17) TO STRIKE JURY DEMAND**

Defendants move to strike Plaintiff's jury demand

pursuant to Federal Rule of Civil Procedure 39(a)(2) on the

ground that an insured bringing a claim for breach of an SFIP

does not have a right to a jury trial.  As the court explained in

*Cook*:

> All flood claim benefits paid under the SFIP, as
> part of the National Flood Insurance Program, are
> U.S. Treasury funds.  *See Van Holt v. Liberty Mut.
> Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998).
> Although the WYO Carriers, such as USAA, issue the
> insurance policies and process claims, they do so
> as fiscal agents of the United States.  *Id*.
> (citing 42 U.S.C. § 4071(a)(1)).  The terms of the
> SFIP are fixed by the Federal Emergency Management
> Agency (FEMA) rather than by the carriers, and the
> carriers are not permitted to deviate from those
> terms.  *Id*. at 165-66.  In short, a suit against a
> WYO carrier for breach of the SFIP is essentially
> a suit against FEMA.  *Id.  See also Flick v.
> Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n.10
> (9th Cir. 2000)("Though policyholders may file
> claims against WYO Insurers in federal court,
> . . . the claim is, in reality, a claim against
> the federal government.").
>
> It is well established that the Seventh Amendment
> right to a jury trial does not apply in actions
> against the United States, or to recover U.S.
> Treasury funds, unless the government expressly
> consents to suit and authorizes trial by jury.
> *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).
> The statute that governs judicial review of SFIP
> claims does not grant the right to a jury trial in
> such actions.  *See* 42 U.S.C. § 4072.  Because
> Congress did not expressly provide for trial by
> jury in this matter, Plaintiffs' claim for federal
> funds must proceed before the Court.

2008 WL 5265103, at *6.

In its Response Plaintiff concedes it does not have a right

to a jury trial if the Court grants Defendants' Motion to

Dismiss.  The Court has granted Defendants' Motion to Dismiss

Plaintiff's claim for negligence *per se*.  The Court, therefore,
concludes Plaintiff is not entitled to a jury trial because the
sole remaining claim in this matter is one for breach of the SFIP
for which Congress did not authorize a trial by jury.
Accordingly, the Court grants Defendants' Motion to Strike Jury
Demand and strikes Plaintiff's request for a jury trial from
Plaintiff's Complaint.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#18)
to Dismiss Count II of Plaintiff's Complaint and **GRANTS**
Defendants' Motion (#17) to Strike Jury Demand.

IT IS SO ORDERED.

DATED this 16th day of October, 2017.


/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge